IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CT-3301-FL

|  |  |  |
|---|---|---|
| CALVIN L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BETTY H. CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint December 1, 2025, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter now comes before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## COURT'S DISCUSSION

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of

a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). <u>Erickson</u>, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

This is plaintiff's third complaint related to medical misconduct purportedly beginning in June 2017 and continuing for one or two years thereafter. <u>See</u> <u>Harris v. Clark</u>, No. 5:19-CT-3211-D (E.D.N.C.); <u>Harris v. Clark</u>, No. 22-CT-3428-D-RJ (E.D.N.C.). Most recently, plaintiff's complaint was dismissed without prejudice for failure to state a claim in February 2023 because it was barred by the applicable statute of limitations. <u>See</u> <u>Harris</u>, No. 22-CT-3428-D-RJ (E.D.N.C. February 27, 2023). In the instant case, plaintiff claims the misconduct giving rise to his complaint occurred between June 2, 2017, and February 1, 2018. (Compl. (DE 1) at 1).

Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. <u>See</u> <u>Owens v. Balt. City State's Att'ys Off.</u>, 767 F.3d 379, 388 (4th Cir. 2014). Specifically, the state statute of limitations for personal injury actions governs claims brought under § 1983. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007); <u>Owens</u>, 767 F.3d at 388. North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1 -52(5); <u>see also</u> <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996). While the limitations period for claims brought

under § 1983 is borrowed from state law, "the accrual date of a § 1983 cause of action is a question of federal law." See Wallace, 549 U.S. at 388; see also Brooks, 85 F.3d at 181. "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Brooks, 85 F.3d at 181 (quotation marks omitted).

Here, plainitff knew the facts underlying his claims beginning at least by July 16, 2019, when he filed his first complaint in federal court alleging the same medical misconduct. See Harris, No. 5:19-CT-3211-D. Three years later, his second complaint was barred by the applicable statute of limitations. See Harris, No. 22-CT-3428-D-RJ. Three more years have passed, and the same result still follows. Plaintiff's complaint is time-barred and must be dismissed.

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

3